UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

DEC 0 5 2022

TONY R. MOORE, CLERK
BY _Alicia Davis_
              DEPUTY

Jeremy C. Barrett #04807-095
    ( Plaintiff )
            V.
United States of America
    ( Defendant )

Case No._____
( Administrative Tort Claim )
( TRT-SCR-2022-04286  )
Action Under the Federal Tort Claim Act

## COMPLAINT

This is a Civil Action to remedy the Negligent acts of the Defendant under the Federal Tort Claim Act (FTCA).

## JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. section 1331, and 1346 (b). The WESTERN DISTRICT OF LOUISIANA is the proper venue because the event which forms the basis for this action occurred in this district.

## PARTIES

1. Jeremy C. Barrett, the Plaintiff, is presently a prisoner at FCI - 1 Oakdale.
2. The United States of America, the Defendant, represents several federal officials as outlined below:
A: Warden Rodney Myers, Warden S. Ma'at, and others who are presently unknown at this time due to limited discovery. At all times mentioned herein the defendants were acting in their official capacity.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Plaintiff has exhausted his administrative remedies pursuant to 28 U.S.C. section 2675 (a). On November 15,2022 the Plaintiff received a letter from Regional Counsel - South Central Regional Office stating that he may assume that his claim is denied but that his case will remain open. ( letter attached hereto as exhibit A )

## FACTS

1. On January 20,2021 at FCI -1 Oakdale Medical facility an outside Optometrist, Mr. Maxon T. OD was brought in for the purpose of performing eye exams. The Plaintiff, Jeremy C. Barrett was given an eye exam by optometrist Maxon T. OD for the purpose of having the prescription for eyeglasses updated.
2. After being given a thorough eye exam by Mr. Maxon, he asked me what treatment I was receiving for glaucoma. I told Mr. Maxon that I didn't know anything about any glaucoma and that I wasn't being given any kind of treatment for glaucoma. Mr. Maxon then said, "you mean you don't know that you have glaucoma" ?Plaintiff responded, "No Sir, this is the first time that I'm hearing anything about glaucoma". Mr. Maxon told me that it is in my file and that in 2013 my file shows that optic nerve damage, (cupping) was at 0.3% and that now optic nerve damage, (cupping) is at 0.75%. I asked Mr. Maxon what he meant by (cupping) and he said that when the damage to the surface of the optic nerve progresses, it starts forming something like a shallow bowl or depression in the optic nerve. I asked Mr. Maxon what could be done to repair the damage and Mr. Maxon told me that it can't be fixed. I asked Mr. Maxon, if the damage to my optic nerves is at 0.75%,what happens when it gets to 100%, Mr. Maxon told me, "you will be blind". Mr. Maxon told me, "don't panic, I'm going to refer you for ophthalmology to see a specialist so you can start getting some treatment for the glaucoma.
3. Plaintiff was then seen by his medical care giver, MLP - 5 Mrs. Ardoin and she was asked why I was never told that I have glaucoma, she said, " I don't know what to say about that ". I was then told that I was scheduled to be seen off-sight by an Ophthalmologist.
4. Plaintiff was then seen by Optometrist Miss Valley Shaista at FCI - 1 Oakdale and she then tried to convince the Plaintiff that just because 75% of his optic nerves were destroyed, it doesn't mean that any of his sight has been lost. Everything that Optometrist Shaista tried to convince the plaintiff of was opposite of what DR. Patrick Redmond has told to the plaintiff. DR. Patrick Redmond is a professional Ophthalmologist who is more highly educated and much more knowledgeable than an

ordinary Optometrist who no longer works at this facility.

5. At no time dating from 2013 to 2021 was the Plaintiff ever informed of the on going optic nerve damage or that he has glaucoma and the Plaintiff never received any treatment which would have slowed the progression of the optic nerve damage. It is the professional diagnosis of Ophthalmologist Mr. Patrick Redmond MD. that had treatment been started even 5 years earlier, the optic nerve damage would not be as severe.

## LEGAL CLAIM

Several Wardens, Medical Administrators, Medical Care Providers and Optometrists had duties to perform as set forth in their employment contracts with the Federal Bureau Of Prisons guidelines and directives. As a result of Wardens, Medical Administrators, Care Providers and Optometrists being negligent in the performing of their duties, the Plaintiff sustains life altering injuries as will be described in the following section. The Plaintiff's injuries are a direct result of several Wardens, Medical Administrators, Care Providers and Optometrists failure to adhere promptly to the B.O.P.'s guidelines and directives, especially in light of the fact that the progressive nature of the on going nerve damage was known about and documented in medical records but it was purposefully ignored. ( See Tort Claim and medical records Exhibit - B ). ( See also Addendum of updated medical records and statements Exhibit - C ).

## BASIS FOR DAMAGE CLAIMS SOUGHT

As a result of the negligence and deliberate indifference of several Wardens, Medical Administrators, Medical Care Providers and Optometrists the Plaintiff has suffered through the destruction of 75% of the optic nerves in the left and right eye. The optic nerve damage cannot be repaired. Even though the Plaintiff is now receiving treatment for the glaucoma, it is the professional diagnosis from (Ophthalmologist Patrick Redmond MD.) that the treatment will only hold it at bay for a while. By the time the Plaintiff is 70 to 80 years of age he will be declared legally blind. Had the Plaintiff started receiving treatment when the progressive optic nerve damage was discovered by the B.O.P. medical personnel, he would be deceased before going blind.

## REQUESTED RELIEF

WHEREFORE, the Plaintiff prays that this Court finds in favor of the Plaintiff and enter judgment against the defendant awarding the plaintiff $1000,000.00 dollars in compensation for his injuries, interest, cost and any such further relief this Court deems fair and just.

## VERIFICATION

I HEARBY CERTIFY under penalty of perjury that the foregoing statements made herein are true and correct to the best of my knowledge. See U.S.C. section 1746. Executed in Oakdale, La on this __1st__ day of __December__, 2022.

DATED: THIS __1st__ DAY OF __December__, 2022.

RESPECTFULLY SUBMITTED,

*Jeremy C. Barrett* #04807-095
Jeremy C. Barrett, Reg # 04807-095
FCI-1, Oakdale, Unit, A-2
P.O. Box 5000
Oakdale, LA 71463