UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **JEREMY BARRETT** | **DOCKET NO. 2:22-cv-6130**<br>**SECTION P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **UNITED STATES OF AMERICA** | **MAGISTRATE JUDGE LEBLANC** |

### REPORT AND RECOMMENDATION

Before the court is a Motion to Dismiss filed on July 21, 2023, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure by defendant, the United States of America. Doc. 15. This motion was filed in response to the complaint filed pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq*., by plaintiff Jeremy Barrett ("Barrett"). Doc. 1. Barrett filed an opposition to the defendant's motion on September 20, 2023. Doc. 19. The motion is now ripe for review.

The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For the following reasons, **IT IS RECOMMENDED** that the defendant's Motion to Dismiss (doc. 15) be **DENIED**.

**I.      BACKGROUND**

Pro se Plaintiff, James Barrett, is a sixty-year-old inmate currently housed at the Federal Correctional Institution I in Oakdale, Louisiana ("FCIO"). Plaintiff claims that "several wardens, medical administrators, medical care providers and optometrists" had duties to perform, were negligent in performing those duties and, as a result, plaintiff sustained "life altering injuries," specifically, optical nerve damage. Doc. 1, p. 2.

On November 21, 2013, while housed at the Federal Correctional Complex in Pollock, Louisiana ("FCC Pollok"), Plaintiff saw optometrist Dr. Mark Bowen O.D., an independent contractor who provided optometric services at FCC Pollok, for a routine eye exam. *See* doc. 15, att. 2, FCC Pollock Contract with Dr. Bowen.  During his evaluation, Dr. Bowen examined Plaintiff's eyes, wrote a prescription for eyeglasses, and noted that Plaintiff's corrected vision was 20/20 in the right eye, and 20/25 in the left eye. Dr. Bowen also performed a tonometry exam, which tests intraocular pressure (IOC), and screens patients for Glaucoma. The results of the tonometry test were 17 and 14.1. Dr. Bowen also measured Plaintiff's cup to disc (CD) ratio in each eye, finding the ratio to be "055" in each eye.  *See* doc. 15, att. 3, 2013 Bureau Electronic Medical Records.

On July 11, 2014, Plaintiff was transferred to FCIO. After submitting a request to see an eye doctor, Plaintiff was seen by Dr. Shamekia Nwafor, O.D., an independent contractor on August 11, 2016[1].  *See* doc. 15, att. 4, Oakdale Optometry Contract.

According to his Complaint, Plaintiff first learned that he had glaucoma on January 20, 2021, when he underwent an eye examination with an outside optometrist, Mr. Maxon T. OD, for purposes of updating his eyeglass prescription.  *Id*. at p. 1.  The optometrist informed him that evidence of the glaucoma was contained in his 2013 file, which showed that "optic nerve damage (cupping) was at 0.3% and now that optic nerve damage, (cupping) is at 0.75%."  *Id*. Moreover, the damage to the optic nerve cannot be repaired and will ultimately lead to plaintiff going blind.  *Id*.

---

[1] In support of its Motion to Dismiss, the defendant purports to attach medical records to evidence that Dr. Nwafor's examination included notation of Plaintiff's reported blurred vision and the issuing of new eyeglass prescription. However, the exhibit attached to its motion is notes from an August 2017 medical appointment with Dr Joel Alexandre, referencing plaintiff's diverticulitis and Hepatitis C diagnoses, as well as a pain medication prescription.

Barrett filed the instant lawsuit on or about December 5, 2022, claiming that at no time between 2013 and 2021 was he informed of the ongoing optic nerve damage, nor did he receive any treatment that would have slowed the progression of the nerve damage. *Id*. at p. 2. He alleges that, according to the professional medical opinion of Dr. Patick Redmond, had treatment been started earlier the damage would not be as severe. *Id*.

## II. LAW & ANALYSIS

### A. Legal Standards

#### 1. 12(b)(1) Motion to Dismiss

A motion to dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1), may be treated as either a facial or factual challenge to the court's jurisdiction. *Williamson v. Tucker*, 645 F.2d 404, 412-13 (5th Cir. 1981) *cert. denied*, 102 S.Ct. 396 (1981). Facial attacks, which question the sufficiency of the pleadings, require the court to consider the allegations in the complaint as true. *See Spector v. L Q Motor Inns, Inc.,* 517 F.2d 278, 281 (5th Cir. 1975). During factual challenges to subject matter jurisdiction, courts are allowed to look outside of the pleadings and no presumptive truthfulness attaches to the allegations in the complaint. *Williamson*, 645 F.2d at 413 (citing *Mortensen v. First Federal Savings and Loan Association*, 549 F.2d 844, 891 (3rd Cir. 1977)).

The district court has the ability to dismiss a complaint for lack of subject matter jurisdiction based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson*, 645 F.2d at 413. If dismissal is sought for a jurisdictional defect that centers upon the lack of congressional waiver of the government's sovereign immunity, resolution is never appropriate by way of summary judgment, but must be

resolved by way of a motion to dismiss for lack of subject matter jurisdiction. *Stanley v. Central Intelligence Agency*, 639 F.2d 1146, 1156-57 (5th Cir. 1981).

### 2. *12(b)(6) Motion to Dismiss*

Federal Rule of Civil Procedure 12(b)(6) governs dismissal of a case for failure to state a claim. The Court should dismiss a complaint if, taking all allegations of material fact as true and construing them in the light most favorable to the nonmoving party, the complaint fails to state a claim entitling Plaintiff to relief. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007), the Supreme Court abandoned the then-familiar rubric of *Conley v. Gibson*, 355 U.S. 41, 45 46 (1957), under which a complaint was deemed sufficient "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly* required that a complaint include "[f]actual allegations [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. To withstand a motion to dismiss, a complaint "must contain something more… than… a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. at 555. Rather, a complaint must "plausibly" show a valid claim. Id. at 557.

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court applied Fed. R. Civ. P. 8 pleading standards, as clarified in *Twombly*, to a *Bivens* case alleging religious discrimination by a post September 11, 2001, immigration detainee. *Iqbal* held that *Twombly's* plausibility standard is part and parcel of Rule 8's requirement that every complaint "show[…] that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679, 684; *Twombly*, 550 U.S. at 555. Amplifying *Twombly's* holding, *Iqbal* emphasized that "Rule 8[…] does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 678-79. If the "allegations are conclusory,"

they are "not entitled to be assumed true." *Id*. at 681. To determine the adequacy of a Constitutional claim for money damages against a federal officer, conclusory allegations are disregarded, and a court is to ask whether well pled factual allegations plausibly suggest that a defendant personally violated one or more of a plaintiff's clearly established Constitutional rights. *Id*. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief…." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678, citing *Twombly*, 550 U.S. at 555. Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id*. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. *Id*. at 678-69.

      Usually, in considering a motion to dismiss pursuant to Rule 12(b)(6), a district court must limit itself to the face of the complaint including attachments thereto. However, applicable jurisprudence establishes exceptions to this restriction wherein the court may take judicial notice of documents or information which constitute matters of public record when considering a Rule 12(b)(6) motion to dismiss. *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994); *Haygood v. Begue*, 2014 WL1320152 at 1 (W.D. La. March 31, 2014). The courts may consider documents filed in support of a motion to dismiss under Rule 12(b)(6), without converting the motion to a motion for summary judgment, when these documents are referenced in the complaint and central to the claim. *Taylor v. City of Shreveport,* 798 F.3d 276, 279 & n.4 (5th Cir. 2015); *Kane Enters. v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000).

### B. Analysis

Defendant moves to dismiss all claims, first arguing that plaintiff's claims against the United States are based solely upon the alleged negligence of Dr. Bowen and Dr. Nwafor. As neither of these optometrists was an employee of the United States at the time they rendered medical treatment to plaintiff, the instant action is barred by the independent contractor exception to the Federal Torts Claims Act ("FTCA"). Pursuant to this doctrine, the United States does not waive sovereign immunity for the negligence of contractors. Therefore, the defendant contends that this matter should be dismissed because the Court lacks subject matter jurisdiction. The government also argues that plaintiff has failed to state a claim for which this Court can grant relief, as he has failed to allege any facts to establish negligence on the part of a federal employee.

Plaintiff, in his opposition to the government's motion, clarifies that he has never alleged that there was a delayed diagnosis on the part of Drs. Bowen and Nwafor. Doc. 19, p. 1. Rather, he reiterates that his original complaint made claims against the prison medical providers who failed to provide "at least the minimal amount of medical care and treatment" after receiving the diagnosis from the outside physicians, Drs. Bowen and Nwafor. *Id*.  "A delay in scheduling medically necessary care for non-medical reasons could stand as the basis of a claim of negligence against BOP medical personnel." *Boyd v. United States*, 2006 U.S. Dist. LEXIS 70826 (M.D. Pa., Sept. 29, 2006).  At this time, it cannot be said that plaintiff is unable to present a viable FTCA claim.  On a Motion to Dismiss, dismissal is not warranted "unless it appears to a certainty that the [non-moving party] would be entitled to no relief under any state of facts which could be proven in support of its claim." *Adams v. Bain*, 697 F.2d 1213, 1216 (4th Cir. 1982).

### III. CONCLUSION

For the foregoing reasons,

**IT IS RECOMMENDED** that the defendant's Motion to Dismiss (doc. 15) be **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in chambers this 21st day of March, 2024.

_____
THOMAS LEBLANC
UNITED STATES MAGISTRATE JUDGE