UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**JEREMY C BARRETT #04807-095**           **CASE NO.  2:22-CV-06130 SEC P**

**VERSUS**                                **JUDGE JAMES D. CAIN, JR.**

**USA ET AL**                             **MAGISTRATE JUDGE LEBLANC**

### MEMORANDUM AND JUDGMENT

Before the Court is a Report and Recommendation of the Magistrate Judge. In his Report, the Magistrate Judge recommends that Defendant's Motion to Dismiss for lack of jurisdiction be denied.  Defendant objects to the Report and Recommendation and attaches a corrected exhibit—Government exhibit A, BOP Health Services Clinical Encounter, to support its objection and its Motion to Dismiss.

### INTRODUCTION

In this lawsuit, Plaintiff alleges that the Bureau of Prisons ("BOP") failed to provide him with the appropriate medical treatment for his glaucoma; he then alleges that delayed treatment will now cause him to be blind.  Specifically, Plaintiff alleges in his Complaint that the BOP failed to provide adequate medical treatment for his glaucoma for over seven (7) years. Plaintiff further alleges that the BOP had knowledge of his glaucoma from outside contractors.  Plaintiff alleges that on or about January 20, 2021, outside optometrist, Dr. Maxon informed him that evidence of glaucoma was contained in his 2013 file.

Based on these allegations as well as the BOP medical records, one of which has since been corrected, the Magistrate Judge recommends that the Motion to Dismiss be

denied. The Government objects to the Recommendation and also attaches an exhibit, which it corrected based on the Magistrate Judge's observance of the Government's exhibit that was not what it was purported to be.

Plaintiff alleges in his Complaint that the prison medical providers failed to provide "at least the minimal amount of medical care and treatment" after receiving the diagnosis from Drs. Bowen and Nwafor. The Court has carefully reviewed all of the medical records provided by both parties and notes that there is nothing in Plaintiff's records that would inform the BOP that Plaintiff had a "history of glaucoma" since 2013. Plaintiff first learned that he had glaucoma on January 20, 2021, when Dr. Maxon examined him. The Court notes that there is no mention of glaucoma by Drs. Brown and Nwafor in the medical records, and Dr. Bowen's records did not report a diagnosis of glaucoma, but instead the eye exam administered to Plaintiff yielded results within the normal range.[1]

The remaining claims in this lawsuit are for negligence against Drs. Bowen and Nwafor, who are independent contractors, not employees of the United States. Hence, the Court finds that this action is barred by the independent contractor exception to the Federal Torts Claims Act ("FTCA"), which doctrine holds that the United States does not waive sovereign immunity for the negligence of contractors. As such, this Court does not have subject matter jurisdiction. Accordingly,

---

[1] See Doc. 15-1, p. 3, n.1. n.2 and Doc. 15-3; Government's exhibit A, Doc. 23, Bureau of Prisons Health Services Clinical Encounter.

**IT IS ORDERED** that the Motion to Dismiss (Doc. 15) is **GRANTED** and this matter is dismissed for lack of subject matter jurisdiction.

**THUS DONE AND SIGNED** in Chambers on this 23rd day of April, 2024.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**